**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL HERNANDEZ MACEDA, | No. 17-71120 |
| Petitioner, | Agency No. A208-600-718 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Daniel Hernandez Maceda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law and claims of due process violations. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the BIA's finding that Hernandez Maceda failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, we deny Hernandez Maceda's petition as to his asylum and withholding of removal claims.

Substantial evidence also supports the BIA's denial of CAT relief because Hernandez Maceda failed to show that it is more likely than not that he would be tortured upon his return to Mexico. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (evidence did not compel the conclusion that it was more likely than not that the petitioner would be tortured upon return).

Finally, we reject Hernandez Maceda's contention that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**